# Uwchlan Township Road.

The Act 28th April 1857, changing the form of proceeding in road cases, so far as regards the county of Chester, did not affect cases then pending.

When the *jurisdiction* of any subject-matter depends upon a special Act of Assembly, of necessity, the proceeding falls, if the act be repealed before it is terminated. But an act changing the mode of proceeding will not have such effect.

CERTIORARI to the Quarter Sessions of *Chester county*.

This was a proceeding to view and lay out a public road in Uwchlan township. The proceedings were commenced on the 1st August 1855, and after four different views, re-reviewers reported a road from Hartman's Mill on the west Pikeland Line road, to a corner of Bingaman and Vickers, on the West Chester and Yellow Springs road. This report was read and confirmed *nisi*, on the 28th July 1856, and the road was ordered to be recorded and opened 33 feet wide.

Exceptions were filed by John Davis and others, and further proceedings had, which were still pending, at the time of the passage of an Act of Assembly of 28th April 1857, *Pamph. L.* 338, changing the mode of proceeding in road cases, in Chester and Lancaster counties, and repealing all laws inconsistent therewith. On the 16th June 1857, the court directed the confirmation of July 28th, 1856, to be made absolute, and that an order issue to the supervisors to open the road.

[Uwchlan Township Road.]

This writ of *certiorari* was sued out by John Davis; and the only question presented was, as to the effect/of the Act of 28th April 1857, upon the proceedings pending at the time of its passage.

*Smith* and *Darlington*, for John Davis.—The principle that the repeal of a law arrests all incomplete proceedings under it, is sustained by innumerable authorities: *Dwarris on Statutes* 676; Milner's Case, 3 *Burr*. 1456; s. c. 1 *W. Bl.* 451; Commonwealth *v.* Beatty, 1 *Watts* 382; Hampton *v.* Commonwealth, 7 *Harris* 329, 335; Commonwealth *v.* Leech, 12 *Harris* 56; Commonwealth *v.* King, 1 *Wh.* 448; Abbott *v.* Commonwealth, 8 *Watts* 517; Road in Bucks County, 3 *Wh.* 105; Charlestown Road, 13 *Leg. Int.* 172; Charlestown and Schuylkill Road, 13 *Leg. Int.* 180; Road from Bough Street, 2 *S. & R.* 419.

*Butler* and *Lewis*, for the appellee.—The argument of the appellant rests entirely upon the supposition that the Act of 1836, relating to roads and highways, is *repealed* by the Act of 1857, as regards Chester county; but an examination of their respective provisions will show that such is not the case. In the cases cited for the appellant, the act upon which the proceeding rested was expressly repealed. The jurisdiction of the court was taken away, and there was no authority to move further. They cited Bucks County Road, 3 *Wh.* 105.

The opininion of the court was delivered by

Lowrie, C. J.—There are many irregularities in this proceeding; but we cannot say that they are fatal ones, and they are not specially insisted on in the assignments of error.

The main question presented is: did the Act of Assembly of 28th April 1857, changing the road laws of Chester county, prevent the subsequent order of confirmation of this road from being made under the old law? We think not.

When the *jurisdiction* of any subject-matter depends upon a special Act of Assembly, it is a plain necessity that the proceeding falls, if the act be repealed before it is terminated.

But here the jurisdiction is not touched by the Act of 1857; but only the form of the proceedings. The Quarter Sessions always had jurisdiction of roads and still have; but for Chester county, the form in which it is exercised was changed during the pendency of this proceeding, and perhaps of many others. Was that change intended to affect cases already commenced? We think not.

The act is entirely prospective in its terms, and if this were doubtful, still it ought so to be regarded; for law, as a rule of conduct, must naturally exist before the conduct which it is to

[Uwchlan Township Road.]

regulate.  The legislature, moreover, do not undertake to examine the proceedings of the courts and to correct them by Acts of Assembly, and that is not their province.  The constitution regards it as a valuable privilege that justice shall be administered by due course of law; and we cannot presume that the legislature, by changing the forms of proceedings, intend to strike down or forbid any further progress in one already commenced.  Manifestly such a case was not in their thoughts, and we should exceed their intention, if we should give to their act such an effect.

The Act of 1857 provides for future cases, and, of course, repeals all inconsistent laws: that is, for future cases, or for the future *guidance* of the court, all inconsistent laws are repealed. The new law is a new rule of practice for the court; but it does not avoid anything done under a former valid rule of practice. All that was well done when it was done, stands good.  The act of confirmation is perfectly consistent with the new law, and the court did not err in it.

> Order affirmed at the cost of the plaintiffs in error and record remitted.